7315.

GEORGE P. CAIRE

VS

MUTUAL BUILDING & LOAN ASSN.

**7315** STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# O P I N I O N.

St Paul, Judge.

Plaintiff claims of defendant $1105. He alleges and it is not denied; "That on or about the 11th day of March 1915, petitioner entered into a written contract with the defendant, whereby defendant was to purchase from him a certain lot of ground x x x and was to erect thereon a house according to specifications agreed upon between petitioner and the defendant, and at the completion of said house was to transfer by authentic act said lot and the improvements thereon for the sum of $2650; and petitioner was to pay in cash $650 and for the balance thereof he was to give his promissory note for $2000 secured by vendor's lien and privilege on said ground and improvements"

The evidence shows that the building was completed on July 2nd 1915; that plaintiff then accepted the same and went at once into physical possession thereof; but that defendant although requested to do so had failed and neglicted to make a formal deed thereof to plaintiff up to and beyond September 29th, 1915; that on said September 29th the building was damaged to the extent of $1105 by the great hurricane which swept over this City on that day.

As the property has since been formally deeded to plaintiff who has repaired the damage at his own expense (in a manner, and under reservation of rights, the details of which are not pertinent) the only question here presented is whether the lass caused by this hurricane should fall on plaintiff or defendant.

From the foregoing it is clear that according to plaintiff's own judicial admission there existed between him and defendant a written contract which amounted at least to a promise of sale; and that this was unconditional, except that a building was to be erected (which was done) and that defendant was to execute a formal deed to the property and plaintiff was to pay the price or furnish his note for it.

Now by Article 2462 C. C. " A promise of sale amounts to a sale when there exists a reciprocal consent of both parties as to the thing and the price thereof."

170

And Article 2456 C. C. "The sale is considered perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered nor the price paid."

From these two articles it results that as between the parties, the ownership of the thing passes by the mere consent and agreement of the parties.

From the last article (2456) it is also clear that neither the delivery of the thing nor the ~~payment~~ payment of the price are such conditions as are spoken of in Article 2471 C. C. and suspend the transfer of ownership until their fulfillment. Which latter article however does not apply to such things as, for instance, the completion of a building.

Again by Article 2479 C. C. "The law considers the tradition or delivery of immovables as always accompanying the public act which transfers the property x x x."

And by Article 2467 C. C. "As soon as the contract of sale is completed the thing is at the risk of the buyer, x x ."

This however is subject to modification; for instance, Article 2470 C. C. "If the seller delays to deliver the thing and it is destroyed, even by a fortuitous event, it is he who sustains the loss, unless it appear certain that the fortuitous event would equally have occasioned the destruction of the thing in the buyers possession after delivery." (Italics ours).

It therefore seems certain that as between himself and defendant plaintiff was the true owner of the property from the time the building was completed and ready for delivery; nevertheless as long as defendant failed to make a legal delivery by formally deeding the property to plaintiff, it continued to remain wholly at defendants risk except in so far as it might be destroyed by a fortuitous event which would equally have destroyed it even had the formal deed to plaintiff been executed.

But if this last there is not the slightest doubt; a formal title in the name of plaintiff would certainly not have saved this property from the fury of the storm.

We are therefore of opinion that the loss must fall on plaintiff.

It is said however that because the so called "sale and resale" between Homestead Association and their borrowers have been given by statute the effect of sales in so far that a vendor's privilege results therefrom, therefore they are sales in all respects.

We shall not go at length into this proposition, since we have dealt with the transaction herein involved exactly as if defendant had originally acquired the property from someone other than plaintiff, being careful to say that plaintiff became the owner of the property when the building was completed and ready for delivery and by virtue of the written promise of sale which he sets up in his petition. In other words we have dealt with the transfer from plaintiff to *defendant* as if it had been a real sale, and the agreement to retransfer defendant as if it were an original and independant promise of sale.

But simply for the purpose of keeping the record straight, as it were, and not because it has any bearing on the case, we wish it understood that we are not prepared at this time to adopt the view that merely because by statute certain results are made to flow from certain transactions, other results must also flow from them, which other results may not at all have been in contemplation of the lawmakers.

The judgment appealed from is therefore affirmed.

Affirmed.